UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMMANUEL L. MUWONGE,
8734 West Portage Street
Milwaukee, WI 53224

FLORENCE MUWONGE
8734 West Portage Street
Milwaukee, WI 53224

       Plaintiffs,

Case No.: 07-C-0733

vs.

ALVIN EISENBERG
2228 West Wells Street
Milwaukee, WI 53233

EISENBERG, RILEY & MUWONGE, SC
2228 West Wells Street,
Milwaukee, WI 53223

EISENBERG & RILEY, SC
2228 West Wells Street,
Milwaukee, WI 53223

       Defendants.

## AMENDED COMPLAINT & DEMAND FOR JURY

NOW COME THE PLAINTIFFS, Emmanuel L. Muwonge and Florence Muwonge, by and through his attorney, Emile H. Banks, Jr, and for file this amended Complaint and Demand for Trial by Jury against Defendants hereby state as follows:

### PARTIES

1. Plaintiffs, Emmanuel L. Muwonge and Florence Muwonge are husband and wife and adult residents and citizens of Milwaukee, WI, residing at 8734 West Portage

1

Street, Milwaukee, WI.

2. Defendant, Alvin H. Eisenberg, is an adult resident and citizen of the City and County of Milwaukee, residing at

3. Upon information and belief, Eisenberg, Riley & Muwonge, SC is a defunct organization which previously held itself out to the general public as a law office incorporated and operating in the State of Wisconsin with its then principal place of business at 2228 West Wells Street, Milwaukee, WI, 53223, that upon information and belief, defendant, Alvin Eisenberg held himself out as the majority partner of said corporation and was otherwise charged with the responsibility of executing policy and guidelines within said defendant corporation;

4. That upon information and belief, Eisenberg & Riley, SC was a predecessor and is also a successor corporation to Eisenberg, Riley & Muwonge, SC; that said corporation currently and previously operated, conducted, operates and conducts business from its principal place of business located at 2228 West Wells Street, Milwaukee, WI

5. That the various causes of action arose, in whole in the County of Milwaukee, State of Wisconsin, and therefore jurisdiction and venue is proper in this judicial circuit pursuant to the applicable Wisconsin State Statutes.

## GENERAL ALLEGATIONS

5. That the Plaintiff, Emmanuel Muwonge suffers from disabilities and a history of disabilities, including but not limited to, severe chronic pain, permanent damage to his hip and other joints and other conditions as a result of a blood condition

2

known as Sickle-Cell disease. Plaintiff, Muwonge has exhausted his administrative remedies.

6. That on or about July 2005, Muwonge began employment with Defendants as a partner and lawyer charged with litigation and related matters following negotiations and agreement to accommodate said Emmanuel Muwonge as a result of his chronic condition by allowing said Muwonge to work from at home on a need basis; that under the terms of Emmanuel Muwonge's partnership and employment with Eisenberg, defendant, Eisenberg had a fiduciary duty towards Muwonge and said duty compels Eisenberg.

7. That subsequent to said employment, defendant Eisenberg, engaged in a calculated pattern of conduct intended to harass Emmanuel Muwonge while at the same time causing him to incur substantial losses as a result of said conduct and which conduct was mounted in reckless disregard of Eisenberg's fiduciary obligations to Muwonge.

8. That subsequent to said employment, Eisenberg, for malicious reasons commenced a pattern of conduct he knew or should have known was a violation of the applicable State and Federal Employment laws and Regulations all to Emmanuel Muwonge's detriment.

9. That subsequent to said employment, Eisenberg, for malicious reasons has continued to engage in a pattern of conduct intended to harass Emmanuel Muwonge by arbitrarily holding payroll and bonus money due to Muwonge as a matter of law.

3

## FIRST CAUSE OF ACTION
## VIOLATION OF WISCONSIN FAIR EMPLOYMENT LAWS

10. Each plaintiff, re-alleges each and every paragraph of this Complaint as though fully set forth herein.

11. That at all times relevant herein, each of the Defendants herein were "employers" within the meaning of the employment and labor standards regulations.

12. That at all relevant times herein, the state of Wisconsin and Federal regulations guaranteed the Plaintiff, Muwonge, a right to be free of discrimination based upon any disability, perceived disability or history of disability in the place of employment and, under the terms of Muwonge's partnership and employment, said Muwonge had a right to expect employment that was free from discrimination.

13. That at all relevant times, Emmanuel Muwonge was, is and continues to be a person with a disability, history of a "disability" and/or was perceived as "disabled" under both the State and Federal Regulations and Civil Rights Statutes.

14. That each of the Defendants herein became aware of Emmanuel Muwonge's disability and history of disability long before said Muwonge's employment with defendants.

15. That defendants violated Emmanuel Muwonge's civil rights by discriminating against him on the basis of his disability, history of disability and/or perceived disability including but not limited to harassing him and discriminating against him with respect to the terms, conditions and privileges of employment because of his disability, history of disability and/or perceived disability.

4

16. As a direct and proximate result of Defendants' violation of Emmanuel Muwonge's rights, Muwonge has suffered damages, including but not limited to loss of income and other benefits, mental anxiety and emotional distress.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

17. Plaintiffs, Muwonge & Florence each repeat and re-allege each and every Paragraph of this Amended Complaint as though fully set forth herein.

18. That at all times relevant herein, each of the Defendants were "employers" and Plaintiff, Emmanuel Muwonge was an "employee" under the Americans with Disabilities Act ("ADA"), 42 USC 12101 *et seq*.

19. That at all relevant times herein, the ADA guaranteed Emmanuel Muwonge a right to be free of discrimination based upon any disability, perceived disability or record of disability.

20. That at all relevant times, Emmanuel Muwonge was a "qualified person with a disability" under the ADA due to his disability, record of a disability and/or due to Defendants' perception that he was disabled.

21. That each of the Defendants became aware of Emmanuel Muwonge's disability and record of a disability.

22. That each Defendant violated Emmanuel Muwonge's civil rights by discriminating against

    him on the basis of his of disability, history of disability and/or perceived disability

    including but not limited to arbitrarily holding Muwonge's payroll and bonus money,

5

limiting Muwonge in a way which otherwise adversely affected Muwonge's employment

because of his disability, history of disability and/or perceived disability.

23. That upon information and belief, Defendants' respective and individual violations were willful and in reckless disregard of Emmanuel Muwonge's rights and interests under the law.

24. That as a direct and proximate result of Defendants' respective violations of the ADA, Emmanuel Muwonge and Florence Muwonge have eachh suffered damages, including but not limited to loss of past and present income, mental anxiety and emotional distress.

### THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. The Plaintiffs, Muwonge and Florence, each repeat and re-alleges each and every Paragraph of this Amended Complaint as though fully set forth herein.

26. Each of the Defendants' conduct as set forth and described in this Complaint constitutes extreme and outrageous conduct which intentionally and/or recklessly caused and continues to cause Muwonge, severe physical and emotional distress.

27. That said conduct by each Defendant was so outrageous and extreme as to be regarded as atrocious and to go beyond all possible bounds of decency, and to be utterly intolerable in a civilized community and work setting.

28. That as a direct and proximate result of such Intentional Infliction of Emotional Distress, each plaintiff, Florence and Muwonge has suffered damages, and each continues to suffer damages including but not limited to loss of past and future

6

income mental anxiety and emotional distress.

## FOURTH CAUSE OF ACTION

## FRAUD, BREACH OF CONTRACT AND FRAUDULENT INDUCEMENT

29. The Plaintiffs, each repeat and re-allege each and every paragraph of this Amended Complaint as though fully set forth herein.

30. The Plaintiff, Emmanuel Muwonge and the Defendant, Eisenberg had an agreement wherein Eisenberg agreed to change the then firm name to Eisenberg, Riley & Muwonge, SC, as a result of which Muwonge would become partner in the firm with certain privileges, benefits and financial rewards; that said Muwonge, relied upon certain promises and conditions agreed upon between Eisenberg and Muwonge pursuant to which promises and conditions, defendant Eisenberg had and owed a fiduciary obligation to Muwonge; that

31. That the defendant, Eisenberg individually and as an officer of defendant corporation engaged in conduct that amounts to fraud, arbitrarily retracted the benefits and privileges agreed upon with Muwonge, arbitrarily changed the firm name from Eisenberg, Riley & Muwonge, SC to Eisenberg & Riley, SC in violation and breach of the agreement between Eisenberg and Muwonge and a breach of the fiduciary duties Eisenberg owed and owes to Muwonge.

32. That each Defendant and Eisenberg engaged in malicious and arbitrary conduct in violation of the agreement between Muwonge and the defendants herein and in violation of the rights and interests that Muwonge has in law; that said conduct by each of the defendants was instituted in reckless disregard of Muwonge's rights

7

and interests, was and continues to be malicious and in reckless disregard of Muwonge's rights and interests, and was and continues to be in reckless disregard of Muwonge's rights and interests arising hereunder, all to Muwonge's detriment and damages.

### FIFTH CAUSE OF ACTION-VIOLATION OF PRIVACY

33. The plaintiffs, Muwonge and Florence repeat and re-allege each and every paragraph of this Amended Complaint as though fully set forth herein.

34. That the defendants, each via their agents and servants owed a duty to the Plaintiff, Muwonge at all times and Muwonge has and had a right to his privacy, that said defendants each breached said duties herein and as owed to the plaintiff.

35. That Eisenberg and or his employees, agents and servants engaged in a patterns of conduct that consisted of infringing Muwonge's privacy rights and interests which conducts was undertaken in reckless disregard of said Muwonge's rights and interests including but not limited to the removal of personal property and items from Muwonge's office, the opening of sealed correspondence otherwise personal and which the defendants knew were personal.

36. That said action by Eisenberg and/or his agents, servants, employees constituted an intentional disregard of the rights and interests of Muwonge and was a direct violation of the Federal Regulations governing US Mail and caused the plaintiffs to sustain damages as a result of said violations by defendants.

37. That said action by the defendant, Eisenberg and or his agents, servants, employees was of such reckless disregard of Muwonge's rights and interests as a result of

8

which each of the defendants is liable to each of the plaintiffs herein.

### SIXTH CAUSE OF ACTION-RETALIATION

38. The plaintiffs, Muwonge and Florence repeat and re-allege each and every paragraph of this Amended Complaint as though fully set forth herein and further state as follows:

39. That the defendants each and via their respective agents, servants and employees owed a duty of refraining from retaliatory conduct on account of the plaintiff, Muwonge's freedom and right to exercise his prerogatives as furnished by the US and State constitutions and other relevant laws and regulations.

40. That the defendants each and via their agents, servants and employees, set out to engage in prohibited retaliatory conduct against Muwonge following their discovery that Muwonge had instituted the instant action against said defendants.

41. That each of the defendants and their respective agents, servants breached their respective duties towards Muwonge and set out on a pattern of conduct to retaliate against said Muwonge by instituting measures, policies and procedures they each knew were in violation of the law and which they calculated to oppress and did oppress the plaintiff, Muwonge.

42. That each of the defendants individual and respective discriminatory and retaliatory actions and measures were undertaken in bad faith and for no legal or business purpose but to infringe upon, oppress and retaliate against Muwonge in exchange for Muwonge's exercise of legal rights, that said Muwonge was terminated from employment with said defendants as a result of said defendants

9

retaliatory animus and action which actions were and constitute an intentional disregard of the law and regulations governing employers.

43. That said retaliation by each of the defendants was the proximate cause of damages that each of the plaintiffs herein sustained and continues to sustain.

WHEREFORE, the Plaintiff, Muwonge, prays that the Court issue or grant the following:

A. An injunction ordering defendants to refrain from engaging in further practices in violation of the, Plaintiff, Muwonge's rights and interests.

B. An award of loss of past and future income and benefits, including, but not limited to, partnership profits and other benefits.

C. Pre- and post-judgment interest.

D. Compensatory damages.

E. Punitive damages.

F. The costs of litigation, including reasonable attorneys' fees and costs.

G. Such other relief as may be just.

Dated at Milwaukee, WI, this 4 day of December 2007.

Emmanuel L. Muwonge

Florence Muwonge

PO Address:
8734 West Portage Street
Milwaukee, WI 53218
(608)921-9240